IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SHIRLEY HITSON and**
**WILBERT HART,**

            Plaintiffs,

vs.                                                           **No. CIV 01-0966 LCS/KBM-ACE**

**FIRST SAVINGS BANK, PERFORMANCE**
**BANKERS, INC., BRENT DYKSTRA**
**and BRIAN YARRINGTON,**

            Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion to Award Attorney Fees and Expenses (Doc. 225), filed November 25, 2002. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. §636(c), and having considered the briefs, submissions, relevant law, and being otherwise fully advised, finds that this Motion should be **GRANTED IN PART**.

On July 10, 2001, Plaintiffs filed a complaint in the Third Judicial District Court, County of Doña Ana, State of New Mexico, alleging civil conspiracy, violation of the Equal Pay Act, intentional interference with employment contract, wrongful discharge, and negligent retention and supervision. On August 23, 2001, Defendants FSB, PBI, and Dykstra removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. On November 27, 2001, Plaintiffs filed a First Amended Complaint, alleging age, sex and race discrimination in the terms, conditions and privileges of employment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.§ 621 *et seq.,* and supplemental state

law claims.

Specifically, in Count I, Plaintiffs Hitson and Wood alleged sex discrimination against Defendant FSB in violation of Title VII. In Count II, Plaintiff Hart alleged racial discrimination against Defendant FSB in violation of Title VII. In Count III, Plaintiffs Hitson and Wood alleged age discrimination against Defendant FSB. In Count IV, Plaintiffs Hitson and Hart alleged retaliation against Defendant FSB in violation of Title VII. In Count V, Plaintiffs alleged civil conspiracy against Defendants Yarrington, Dykstra and PBI. In Count VI, Plaintiffs Hitson and Wood alleged violation of the Equal Pay Act against FSB. In Count VII, Plaintiffs alleged negligent retention and supervision by Defendant Dykstra, FSB and PBI. In Count VIII, Plaintiffs alleged intentional interference with contractual relations against Defendant Yarrington. In Count IX, Plaintiffs Hitson and Hart alleged wrongful termination against FSB. In Count X, Plaintiffs alleged prima facie tort against all Defendants.

Plaintiff Wood settled her claims on September 10, 2002. On October 2, 2002, I issued a Memorandum Opinion and Order granting Defendants' Motions for Summary Judgment as to Counts V, VII, VIII, and X, and disposing of all claims against Defendants Performance Bankers, Inc., Dykstra, and Yarrington. On October 29, 2002-November 8, 2002, Counts I, II, III, IV, VI, and IX (Gender Discrimination, Racial Discrimination, Age Discrimination, Retaliation, Equal Pay Act, and Wrongful Termination, respectively) against Defendant First Savings Bank came on for trial before the Court and a jury. At the close of Plaintiffs' case-in-chief, Defendant moved for a judgment as a matter of law pursuant to FED.R.CIV.P. 50(b). I ruled in favor of Defendant as to Count VI, the Equal Pay Act claim, but denied the motion as to Counts I, II, III, IV, and IX. At the close of the evidence, Defendant renewed its Rule 50 motion, which I denied.

On November 8, 2002, the jury returned its verdict in favor of Defendant on Count III (Age Discrimination), and in favor of Plaintiffs as to Counts I, II, IV, and IX (Gender Discrimination, Racial Discrimination, Retaliation, Equal Pay Act, and Wrongful Termination, respectively). On November 12, 2002, I requested briefing on the applicability of the damage limitation of 42 U.S.C.§ 1981a(b), and directed counsel to file their post-trial motions within ten days. On December 4, 2002, having determined that the damage cap was inapplicable, I entered Judgment on the Memorandum Opinion and the Verdicts. Judgment was entered in favor of Plaintiff Hitson in the amount of $232,202.00 in back pay, $202,003.00 in future damages, $60,000.00 in compensatory damages, and $250,000.00 in punitive damages for a total judgment for Hitson of $744,205.00. Judgment was entered for Plaintiff Hart in the amount of $123,930.00 in back pay, $30,000.00 in future damages, $20,000.00 in compensatory damages, and $250,000.00 in punitive damages, for a total judgment for Hart of $423,930.00.

Plaintiffs' counsel represented the plaintiff in a related case styled *Nancy Fritsch v. First Savings Bank, et al.*, and numbered CIV 01-0713 LCS/KBM. The *Fritsch* case went to trial in June 2002 and resulted in a defense verdict on all counts. Many of the witnesses called in the *Hitson/Hart* trial were the same as those called in *Fritsch*. Accordingly, I asked Plaintiffs' counsel to cull all of the hours spent on *Fritsch* from the attorney's fee application in *Hitson/Hart*.

On November 25, 2002, Plaintiffs filed their attorney's fee application totaling $288,376.50 in attorney fees and $8,575.38 in expenses. Defendant objects to Plaintiffs' request, on the grounds that time incurred in the *Fritsch* case was billed in *Hitson/Hart,* attorney's fees for Wood were included in the settlement agreement, certain defendants and claims were dismissed before trial, attorney's fees are unavailable for the state law claim, a directed verdict was granted on one count,

3

duplicative attorney's fees, paralegal charges were purely secretarial and incurred in *Fritsch*, there was no division of time between Hitson and Hart, and certain expenses should be disallowed.

"The court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs . . . ." 42 U.S.C. § 2000e-5(k). If a plaintiff achieves the status of a prevailing party, courts look to the three O'Connor factors in *Farrar v. Hobby*, 506 U. S. 103, 116-22 (1992) (O'Connor, J., concurring), to arrive at a reasonable attorney's fee award. *Barber v. T. D. Williamson, Inc.*, 254 F.3d 1223, 1230 (10th Cir. 2001). Although the O'Connor factors should be given due consideration, it is ultimately within the discretion of the trial judge to determine what constitutes a reasonable fee. *Id* at 1233.

Plaintiffs may be considered prevailing parties if they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs are undoubtedly prevailing parties because they prevailed on several claims and were awarded substantial damages. The question of what fee is "reasonable" presents a more complex issue. *Id.*

In order to determine a reasonable attorney's fee award, the district court must arrive at a "lodestar" figure by multiplying the number of hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). Counsel and the paralegal billed 1664.15 hours over a thirty-two month period, including the time spent in an eight-day trial. Defendants argue that the fee application is excessive because Plaintiffs' counsel engaged in "block billing" and some of the paralegal time billed was purely clerical and should have been absorbed as overhead. The court may reduce a fee award when the documentation of the hours spent is inadequate. *Hensley*, 461 U.S. at

433. Hours that were not reasonably expended should also be reduced. *Id*. Counsel must exercise "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id*.

A careful review of Plaintiffs' time sheets shows that the hours expended were not excessive. With the exception of 10.6 hours that he erroneously billed in this case, Mr. Johnson avers that the hours expended solely for the *Fritsch* case were not billed in *Hitson/Hart,* and that time spent on both *Fritsch* and *Hitson/Hart* was divided in half. The time sheets are sufficiently specific in light of the detailed descriptions of the time expended. Mr. Johnson's affidavit adequately explains the areas of concern raised by Defendants. The paralegal time billed was not excessive in light of the large number of exhibits introduced at trial. Assisting in managing information for trial preparation and at trial are appropriate tasks for a paralegal. This case was hard fought from start to finish and the number of hours billed reflects character of the litigation. With the exception of the 10.6 hours that Mr. Johnson erroneously billed to this case, the number of hours billed is not excessive.

The other lodestar factor is a reasonable hourly rate. Hourly rates must reflect the "prevailing market rates in the relevant community." *Blum*, 465 U.S. at 888. Thomas L. Johnson, Esq. billed at the rate of 200.00 per hour, Kathryn D. Lucero, Esq. billed at the rate of $180.00 per hour, and paralegal Jeanne L. Adams billed at the rate of $75.00 per hour. Mr. Johnson is a highly experienced trial attorney with expertise in the employment law field. Ms. Lucero is an experienced trial attorney with a keen understanding of employment law. Ms. Adams ably assisted Mr. Johnson and Ms. Lucero during the trial, especially with the hundreds of exhibits and other documents. The rates charged by Plaintiffs' attorneys coincide with counsel's experience and expertise. The paralegal rate is not excessive given Ms. Adams' performance. Based on my personal experience gained during my years as a trial lawyer, state court judge, and United States Magistrate Judge, I find that the rates are

consistent with the prevailing market rates in New Mexico. The attorney's fees sought by Plaintiffs are reasonable under the lodestar analysis.

The more difficult question is whether the fees should be reduced to reflect Plaintiffs' limited success. Under Justice O'Connor's analysis in *Farrar*, a court should consider three elements when determining the reasonableness an attorney's fee award: (1) the difference between the amount sought and the amount recovered, (2) the extent to which plaintiffs succeeded on their theory of liability, and (3) the accomplishment of a public goal other than occupying the time and energy of counsel. *Farrar*, 506 U.S. at 116-122; *Barber*, 254 F.3d at 1230-31. Although all three factors should be given due consideration, they are not equally weighted, and no one factor controls the reasonableness of a fee award. *Barber*, 254 F.3d at 1233. Ultimately, the determination of what constitutes a reasonable fee given the particular circumstances is within the discretion of the trial judge. *Id*.

Before trial, Plaintiff Hitson offered to settle for $245,000.00 and Plaintiff Hart offered to settle for $115,000.00. The jury awarded Plaintiff Hitson $744,003.00 and Plaintiff Hart $423,000.00. Because both Plaintiffs recovered substantially more in damages that they sought before trial, the first O'Connor factor is clearly satisfied. *See Barber*, 254 F.3d at 1231-1232. Plaintiffs also meet the third O'Connor factor, accomplishment of a public goal, because the verdicts vindicated important rights of Plaintiffs and put Defendant on notice that it needs to improve its personnel practices. *See Barber*, 254 F.3d at 1231-1232 (observing that the Tenth Circuit broadly interprets third factor). The real issues concern the second O'Connor factor.

In the Tenth Circuit, the second O'Connor factor, i.e., "the significance of the legal issue on which plaintiff claims to have prevailed," *Farrar*, 506 U.S. at 118, looks beyond the actual relief awarded and examines "the *extent* to which plaintiff[] succeeded on [his] theory of liability." *Barber*

254 F.3d at 1231 (quoting *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997)). Although Plaintiffs experienced a high degree of success in this case, their victory was not absolute. Plaintiff Wood settled her claims on September 10, 2002. Equitably, some of the discovery and trial preparation time should be attributed to Wood. Three of the four Defendants and four of the ten counts went out on summary judgment on October 2, 2002. Defendant was granted a directed verdict on Plaintiff Hitson's Equal Pay Act claim and the jury found in favor of Defendant on Plaintiff Hitson's ADEA claim.

Conversely, the claims on which the Plaintiffs prevailed, the Title VII discrimination and retaliation claims and their state law retaliatory discharge claim, were the heart of their case. Furthermore, the state law claim and the federal claim upon which Plaintiff were successful were inextricably intertwined and there should be no reduction in attorney's fees merely because the Plaintiffs also prevailed on their state law claim.

Additionally, having presided over both the *Fritsch* trial and the *Hitson/Hart* trial, I am convinced that the *Fritsch* case rendered this case more complex. In my view, the outcome of the *Fritsch* trial required Plaintiffs' counsel to refine their strategy and spend additional time preparing for *Hitson/Hart*. Having giving due consideration to the O'Connor factors, as well as the particular circumstances and equities of this case, I find that Plaintiffs should be awarded 67% of their requested attorney's fees incurred through October 2, 2002, and 100% of their requested fees thereafter.

Plaintiffs also request reimbursement of expenses that are not expressly addressed under the local rule covering litigation costs. *See* D.N.M. LR-Civ. 54.2. Plaintiffs' expenses fall into the general categories of witness fees, copy costs, postage, miscellaneous court filings, and reimbursement for attorney's travel expenses incurred as part of the litigation. The requested

expenses are of the type allowed under Fed. R. Civ. P. 54(d). *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997) (permitting the award of photocopying, milage, meals, and postage as costs); *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990) (allowing the award of an attorneys travel expenses). Defendant challenges $1,613.04 in deposition costs, $39.89 for supplies and costs for a projector rental. I find that the deposition costs and the supplies are not supported, but the projector rental for trial was a legitimate litigation expense. Accordingly, Plaintiffs are awarded their requested expenses, except for $1,613.04 in deposition costs requested herein and $39.89 for supplies. The Clerk of the Court will tax costs in accordance with D.N.M. LR-Civ. 54 in due course.

I have considered the balance of Defendant's arguments and have found them to be without merit.

The attorney's fees and expenses awarded to Plaintiffs are calculated as follows:

**Attorney's Fees**
Submitted attorney fees incurred through October 2, 2002 . . . . . . . . $153,110.00
Less 10.6 hours erroneously claimed @ $ 200.00 per hour. . . . . . . . -  $2,120.00
Actual claimed attorney fees incurred through October 2, 2002 . . . . ..$150,990.00
Reduction for limited success and Wood settlement . . . . . . . . . . . . . . x         .67
Allowed attorney fees incurred through October 2, 2002 .. . . . . . . . . . $101,163.30
Allowed attorney's fees incurred after October 2, 2002 . . . . . . . . . . + $106,475.50
Total attorney's fees awarded to Plaintiffs . . . . . . . . . . . . . . . .. . . . . . . . .$207,638.80

**Expenses**
Expenses claimed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $13,492.49
Disallowed deposition costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - $1,613.04
Disallowed supply costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -    $39.89
Total expenses awarded . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $11, 839.56

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Award Attorney Fees and Expenses (Doc. 225), filed November 25, 2002, is **GRANTED** in part.

8

**IT IS FURTHER ORDERED** that Plaintiffs are awarded attorney's fees in the amount of $207,338.80, plus applicable gross receipts tax.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded expenses in the amount of $11,839.56.

**IT IS FURTHER ORDERED** that this Memorandum Opinion and Order does not affect the taxing of court costs by the Clerk of the Court.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**